Robert P. Goe - State Bar No. 137019
Marc C. Forsythe - State Bar No. 153854
Elizabeth A. LaRocque – State Bar No. 219977
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
rgoe@goeforlaw.com
mforsythe@goeforlaw.com
elarocque@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Proposed Attorneys for Accelerated Memory Production, Inc.
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>ACCELERATED MEMORY PRODUCTION, INC.,<br><br>Debtor and Debtor-in-Possession. | Case No. 8:11-bk-22470-TA<br><br>Chapter 11 Proceeding<br><br>**APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS CHAPTER 11 GENERAL BANKRUPTCY COUNSEL**<br><br>[NO HEARING REQUIRED] |

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**ACCELERATED MEMORY PRODUCTION, INC.,** a California corporation, Debtor and Debtor-in-Possession herein (referred to as "Applicant" or "Debtor"), for the Chapter 11 estate in the above-referenced bankruptcy case, hereby applies to this Court for an order authorizing it to employ Goe & Forsythe, LLP, (the "Firm") as general bankruptcy counsel, pursuant to the provisions of 11 U.S.C. Section 327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure. In support thereof, the Applicant respectfully represents as follows:

1. The Petition commencing this case under Chapter 11 of the Bankruptcy Code was filed on September 2, 2011. See Declaration of Marc C. Forsythe ("Forsythe Declaration"), ¶ 2, attached hereto and incorporated herein by this reference.

2. Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 case. Forsythe Declaration, ¶ 3.

3. The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California. Forsythe Declaration, ¶ 6.

4. The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future. Forsythe Declaration, ¶ 5.

5. Debtor requires the services of the Firm to render the following types of professional services:

    A. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

    B. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regard to their assets and with respect to the claims of creditors;

    C. To represent or assist Debtor and/or other professionals in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

    D. To conduct examinations of witnesses, claimants, or adverse parties and to prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11 case;

    E. To advise Debtor concerning the requirements of the Bankruptcy Court and applicable rules as the same affect Debtor in this proceeding;

    F. To assist Debtor in negotiation, formulation, confirmation, and implementation of a Chapter 11 plan of reorganization;

    G. To make any bankruptcy court appearances on behalf of Debtor; and

    H. To take such other action and perform such other services as Debtor may require of the Firm in connection with this Chapter 11 case. See Forsythe Declaration, ¶ 7.

6. The Firm received a pre-petition retainer in the amount of $50,000.00, which included the Chapter 11 filing fee. Forsythe Declaration, ¶8.

7. The Firm requests payment of the Firm's fees and costs on a monthly basis once its retainer is exhausted. In accordance with the provisions of the U. S. Trustee Fee Guide, the Firm will file monthly with the Court a copy of the Firm's monthly Professional Fee Statement (the "Fee Statement") with respect to fees for professional services rendered to the Debtor, and for reimbursement of expenses incurred on behalf of Debtor, and will serve copies of the Fee Statement upon the Debtor, upon the creditors holding the twenty largest general unsecured claims in the Debtor's case, and upon those parties who request special notice in the Debtor's case. If no objection to the Fee Statement is filed and served within ten (10) days after the service of the Fee Statement, the Debtor will pay to the Firm the amount of fees and costs represented by that monthly invoice without further notice, hearing, or order of the Court. If a written objection to the Firm's Fee Statement is filed by a party-in-interest, the objecting party and the Firm will attempt to resolve such objection consensually. If such objection cannot be resolved consensually, no payment of the disputed amount of the Fee Statement will be paid to the Firm until the objection has been resolved by the Court. Any failure to serve timely an objection to a Fee Statement will be deemed to be a waiver of any objection to the payment of the fees and costs requested by such Fee Statement, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs. Forsythe Declaration, ¶ 9.

8. In the event the Firm seeks payment from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 328, 330, and 331 and understands that its compensation will be subject to the approval of the Court. Forsythe Declaration, ¶ 10.

9. To the best of Debtor's knowledge neither the Firm nor any of the attorneys comprising or employed by it have any connection with Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or its respective attorneys or accountants, except for the Firm consulting with APX Technology ("APX") prior to the filing of this bankruptcy case in relation to a dispute between creditor APX and creditor All American Semiconductor, LLC

3

("AAS") unrelated to AAS's claim against Debtor. The Firm was paid $300 for a one hour consultation. The Firm did not obtain any confidential information from APX in relation to the Debtor. Forsythe Declaration, ¶ 11.

    10.     The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327. Forsythe Declaration, ¶ 12.

    11.     None of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee. Forsythe Declaration, ¶ 13.

**WHEREFORE**, Debtor prays that the Court enter its Order as follows:

    1.     Authorizing Debtor, based upon the foregoing and pursuant to 11 U.S.C. §327 and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, to employ the Firm as its general bankruptcy counsel, with compensation to be in accordance with the terms set forth herein; and

    2.     Granting such other and further relief as the Court deems just and appropriate.

ACCELERATED MEMORY PRODUCTION, INC.
Debtor and Debtor-in-Possession herein

DATED: September 19, 2011

Richard McCauley, President

Respectfully presented by:
**GOE & FORSYTHE, LLP**

By: /s/Marc C. Forsythe
    Marc C. Forsythe
    Proposed Attorneys for Debtor and
    Debtor-in-Possession

4

## DECLARATION OF MARC C. FORSYTHE

I, Marc C. Forsythe, declare and state:

1. The matters stated herein are true and correct and within my own personal knowledge and belief. I am member of the law firm of Goe & Forsythe (the "Firm").

2. The Petition commencing this case under Chapter 11 of the Bankruptcy Code was filed on September 2, 2011.

3. Applicant is the Debtor and Debtor-in-Possession in this Chapter 11 case.

4. Applicant desires to employ Goe & Forsythe, LLP, (the "Firm") as its general bankruptcy counsel to provide certain professional services to Debtor during the course of this Chapter 11 case.

5. The Firm will render services to Debtor at the Firm's regular hourly rates, which may be subject to adjustment in the future.

6. The Firm is comprised of attorneys who specialize in insolvency, bankruptcy and corporate reorganization and is well qualified to represent Debtor in proceedings of this nature. All attorneys comprising or associated with the Firm who will render services in this case are duly admitted to practice law in the Courts of the State of California and in the United States District Court for the Central District of California.

7. Debtor requires the services of the Firm to render the following types of professional services:

    A. To advise and assist Debtor with respect to compliance with the requirements of the United States Trustee;

    B. To advise Debtor regarding matters of bankruptcy law, including the rights and remedies of Debtor in regard to their assets and with respect to the claims of creditors;

    C. To represent or assist Debtor and/or other professionals in any proceedings or hearings in the Bankruptcy Court and in any action in any other court where Debtor's rights under the Bankruptcy Code may be litigated or affected;

/ / /

/ / /

Case 8:11-bk-22470-TA    Doc 10    Filed 09/22/11    Entered 09/22/11 10:19:24    Desc
Main Document    Page 6 of 9

1         D.     To conduct examinations of witnesses, claimants, or adverse parties and to
2 prepare and assist in the preparation of reports, accounts, and pleadings related to this Chapter 11
3 case;

4         E.     To advise Debtor concerning the requirements of the Bankruptcy Court
5 and applicable rules as the same affect Debtor in this proceeding;

6         F.     To assist Debtor in negotiation, formulation, confirmation, and
7 implementation of a Chapter 11 plan of reorganization;

8         G.     To make any bankruptcy court appearances on behalf of Debtor; and

9         H.     To take such other action and perform such other services as Debtor may
10 require of the Firm in connection with this Chapter 11 case.

11     8.     The Firm received a pre-petition retainer in the amount of $50,000.00, which
12 included the Chapter 11 filing fee.

13     9.     The Firm requests payment of the Firm's fees and costs on a monthly basis once its
14 retainer is exhausted. In accordance with the provisions of the U. S. Trustee Fee Guide, the Firm
15 will file monthly with the Court a copy of the Firm's monthly Professional Fee Statement (the "Fee
16 Statement") with respect to fees for professional services rendered to the Debtor, and for
17 reimbursement of expenses incurred on behalf of Debtor, and will serve copies of the Fee
18 Statement upon the Debtor, upon the creditors holding the twenty largest general unsecured claims
19 in the Debtor's case, and upon those parties who request special notice in the Debtor's case. If no
20 objection to the Fee Statement is filed and served within ten (10) days after the service of the Fee
21 Statement, the Debtor will pay to the Firm the amount of fees and costs represented by that
22 monthly invoice without further notice, hearing, or order of the Court. If a written objection to the
23 Firm's Fee Statement is filed by a party-in-interest, the objecting party and the Firm will attempt to
24 resolve such objection consensually. If such objection cannot be resolved consensually, no
25 payment of the disputed amount of the Fee Statement will be paid to the Firm until the objection
26 has been resolved by the Court. Any failure to serve timely an objection to a Fee Statement will
27 be deemed to be a waiver of any objection to the payment of the fees and costs requested by such
28 ///

Fee Statement, but will <u>not</u> be deemed to be a waiver of any objection to the allowance by the Court of such fees and costs.

10. In the event the Firm seeks payment from the bankruptcy estate, the Firm intends to apply to this Court for compensation in conformity with Bankruptcy Code §§ 328, 330, and 331 and understands that its compensation will be subject to the approval of the Court.

11. To the best of my knowledge, neither the Firm nor any of the attorneys comprising or employed by it, have any connection with Debtor, Debtor's accountant, Debtor's creditors, any other party in interest, or their respective attorneys or accountants, except for the Firm consulting with APX Technology prior to the filing of this bankruptcy case in relation to the dispute between APX Technology and creditor All American Semiconductor, LLC ("AAS") unrelated to AAS's claim against Debtor. The Firm was paid $300 for a one hour consultation. The Firm did not obtain any confidential information from APX Technology in relation to the Debtor.

12. The Firm is a disinterested person within the meaning of 11 U.S.C. § 101(14). Furthermore, the Firm does not have an interest adverse to Debtor's estate in accordance with 11 U.S.C. §327.

13. To the best of my knowledge, none of the attorneys comprising or employed by the Firm is related to any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or to any person employed in the Office of the United States Trustee.

14. Immediately below is a list of the professionals employed by the Firm and their current hourly rates:

| Partners | Hourly Rate |
| --- | --- |
| Robert P. Goe | $350.00 |
| Marc C. Forsythe | $350.00 |
| Associates | |
| Elizabeth A. LaRocque | $275.00 |
| Jonathan Alvanos | $195.00 |

1     <u>Legal Assistants</u>

2     Bill Goletz                                  $140.00

3     Michelle Friis                             $140.00

4     Kerry A. Murphy                     $140.00

5     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

7     EXECUTED this 19th day of September 2011, at Irvine, California.

                                                        /s/Marc C. Forsythe
                                                         Marc C. Forsythe

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document described **APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS CHAPTER 11 GENERAL BANKRUPTCY COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 22, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Frank Cadigan frank.cadigan@usdoj.gov
- Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **September 22, 2011** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 22, 2011** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Theodor C. Albert, USBC, 411 West Fourth Street, Santa Ana, CA 92701 (Hand delivered)

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 22, 2011 | William Goletz | /s/William Goletz |
|---|---|---|
| Date | Type Name | Signature |